**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
—————————————————————————————

**UNITED STATES OF AMERICA,**


    **V.**                                                     **3:08-CR-198**

**BARCLAY J. VAN BUREN, JR.,**

                                        **Defendant.**
—————————————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.      INTRODUCTION**

      Defendant is charged in a one-count Indictment with failing to register as a sex

offender in violation of 18 U.S.C. § 2250(a).  Currently before the Court is Defendant's

omnibus motion seeking: (a) to dismiss the Indictment on numerous grounds, and (b) a bill

of particulars requiring the government to state whether the Indictment is based on an

allegation that Defendant changed his name, residence, employment, or student status.

See dkt. #s 12, 13, 15.  The government has opposed the dismissal portion of the motion,

but has not responded to the request for a bill of particulars. See Govt. Opp. Mem. L.,  dkt.

# 16.

**II.      DISCUSSION**

     **A.      Bill of Particulars**

The Indictment charges:

Between February 20, 2008 and March 7, 2008, in the Northern District of

1

New York and elsewhere, BARCLAY VAN BUREN, JR., the defendant herein, an individual required to register under the Sex Offender Registration and Notification Act, by reason of his conviction under federal law, did travel in interstate commerce and did knowingly fail to register and update his registration as required by law.

In violation of Title 18, United States Code, Section 2250(a).

Indictment, dkt. # 6.

In order to be convicted under Section 2250, a defendant must "knowingly fail[] to register or update a registration as required by the Sex Offender Registration and Notification Act." 18 U.S.C. § 2250(a)(3). Section 16913 of the Sex Offender Registration and Notification Act (SORNA) requires a sex offender to register "not later than 3 business days after each change of name, residence, employment, or student status . . . ." 42 U.S.C. § 16913(c).

In opposition to Defendant's motion to dismiss, the government contends that on February 20, 2008, Van Buren signed out of his residence at the Dixie Hotel at 106 Henry Street, Binghamton, New York; disabled a GPS monitoring device he was supposed to carry with him when he left the range of his ankle bracelet monitoring device; subsequently failed to return or contact his U.S. probation officer; and was arrested on March 7, 2008 at his mother's residence in Burlington, North Carolina. See Govt. Mem L., dkt. # 16.  Thus, it can fairly be concluded that the instant charge is based upon Van Buren's purported change of residence. See Def. Suppl. Ltr. Brief, dkt. # 15 ("The only conceivable change that Mr. Van Buren made when traveling was a change of residence.").  However, because part of Defendant's motion to dismiss is dependent upon what information Van Buren allegedly failed to update under § 16913(c), see id., and because it is possible that the government could proceed on a theory *other than* that Van Buren changed his

2

residence, a bill of particulars is required. <u>United States v. Bortnovsky</u>, 820 F. 2d 572, 574 (2d Cir. 1987)(A bill of particulars is necessary (1) to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense and avoid surprise, and (2) to enable the accused to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.).

Accordingly, the government shall provide a Bill of Particulars by Friday, July 25, 2008 at 4:00 p.m. identifying what information required by SORNA Van Buren allegedly changed yet failed to update between February 20, 2008 and March 7, 2008.

## B.    Commerce Clause

A substantial part of Defendant's motion to dismiss is based upon the contention that Congress exceeded its authority when it enacted the registration requirements of SORNA, and 18 U.S.C. § 2250(a).  <u>See</u> Def. Mem. L. pp. 9-18. Much of the argument is directed at explaining why Congress lacked the authority to enact these statutory provisions under the Commerce Clause, and Defendant provides a thorough analysis of the seminal Commerce Clause case from the Supreme Court. <u>Id.</u>  (analyzing <u>United States v. Lopez</u>, 514 U.S. 549 (1995) and <u>United States v. Morrison</u>, 529 U.S. 598 (2000)).  In opposition thereto, the government merely asserts:

> [D]efendant misconstrues and misapplies the holdings of <u>Lopez</u> and <u>Morrison</u>.  A careful reading of these decisions makes clear that 18 U.S.C. § 2250 does not violate the Commerce Clause for at least two reasons.  First, it reaches those with a federal conviction.  Second, for those required to register under SORNA based on a non-federal conviction, it requires an element of travel in interstate commerce. However, in this case, since travel in interstate commerce is not an element of the charge, the point is moot. The language in the indictment referencing travel in interstate commerce is factual in nature, not a legally required element of the crime.
>
> The defendant initially makes the claim in his memorandum that "Congress

3

lacks the authority to direct individuals convicted of purely local offenses to register as state sex offenders.  Therefore, Congress cannot constitutionally require Van Buren, who *was convicted of a purely local offense*, to register under SORNA." (Brief of defendant at p 10) (emphasis added).  This assertion is not accurate as Van Buren's predicate conviction requiring his registration was a federal conviction for possession of child pornography, in violation of 18 U.S.C. § 2252.  As stated above, the arguments made in connection with this point are moot, because travel in interstate commerce is not an element of the charge applicable to the defendant in this case. . . . The government can provide additional arguments and case law on this point if needed.  However,  the government has provided citations for seventy-four (74) district court decisions relating to SORNA cases, and all but two (2) district courts considering the commerce clause challenge to SORNA have rejected the defendants' claim.  The clear weight of authority is that SORNA does not violate the commerce clause.

Govt. Mem L. pp. 22-23.

The government's argument does not explain how an offense charged under 18 U.S.C. § 2250(a)(2)(A)[1] falls within the authority conferred by the Commerce Clause, nor

---

[1]18 U.S.C. § 2250, provides, in pertinent part,

(a) In general. –Whoever–

    (1) is required to register under the Sex Offender Registration and Notification Act;

    (2)    (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law . . . ; or

        (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

    (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

Thus, an offense occurs when (1) a sex offender as defined under SORNA and, therefore, required to register under SORNA; (2) either (A) is a sex offender because of a federal conviction, or (B) traveled in interstate commerce; and (3) knowingly failed to register or update a registration as required by SORNA. Inasmuch as we now know that the government does not contend that travel in interstate commerce is an element of the charge, the instant Indictment is necessarily brought pursuant to 18 U.S.C. § 2250(a)(2)(A).

4

does it address Defendant's argument that SORNA's *registration requirement*s were enacted without constitutional authority. The numerous cases that the Court has reviewed have addressed Commerce Clause challenges to 18 U.S.C. § 2250(a)(2)(B) (*i.e.* interstate travel as an element of the offense), but these cases are arguably inapplicable to 18 U.S.C. § 2250(a)(2)(A). See fn. 1, *supra.* While the Court has reviewed many of the 74 cases cited by the government, it is not the Court's role to peruse the cases or the legal data bases looking for authority that supports a broad legal assertion. Rather, the Court will provide the government an opportunity to provide a more detailed legal argument addressed to Defendant's challenge to Congress's authority to enact SORNA's registration requirements and 18 U.S.C. § 2250(a)(2)(A).

Accordingly, the government shall submit a supplemental memorandum of law, not to exceed ten (10) pages, addressed to the authority of Congress to enact SORNA's registration requirements and 18 U.S.C. § 2250(a). The memorandum of law must be filed by 4:00 P.M. on Friday, August 1, 2008.

## III.   CONCLUSION

Defendant's motion for a bill of particulars is **GRANTED** as stated above.

The Court **RESERVES** decision on Defendant's motion to dismiss the Indictment, and the government shall file a supplemental memorandum of law as stated above.

**IT IS SO ORDERED**.

DATED: July 23, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

5