**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **V.**                                                  **3:08-CR-198**

**BARCLAY J. VAN BUREN, JR.,**

                     **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

      Defendant was convicted by a jury of failing to update his sex offender registration, in violation of 18 U.S.C. § 2250(a). Currently before the Court is Defendant's motion pursuant to Fed. R. Civ. P. 29.

      Rule 29 "imposes a heavy burden on the defendant, whose conviction must be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Florez, 447 F.3d 145, 154 (2d Cir. 2006) (internal quotations and citation omitted). "In assessing sufficiency, [the Court is] obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." Id. "A court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna,

1

183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks omitted).

Defendant's motion must be denied. There was sufficient evidence upon which a jury could reasonably have concluded beyond a reasonable doubt that Defendant left his apartment in Binghamton, New York with no intention of returning. By leaving his Binghamton apartment with no intention to return, that apartment was no longer Defendant's residence. Accordingly, Defendant's residence changed because it was no longer the same as listed in the registry. This change implicated the statutory duty to update his registration. See 18 U.S.C. § 2250(a); 42 U.S.C. §§ 16913(a); 16913(c). The jury also could reasonably have concluded beyond a reasonable doubt that Defendant formed this intent on the day that he cut off his electronic monitoring device and left Binghamton, New York, and that he failed to inform the proper authorities of this change within the statutory three day period. Id.

## IV.   CONCLUSION

There being sufficient evidence upon which the jury could reasonably have found the necessary elements of the offense beyond a reasonable doubt, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 28, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge